**PELTON GRAHAM LLC**
Brent E. Pelton
Taylor B. Graham
Alison L. Mangiatordi
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMANDA SOOKNANAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>-against-<br><br><br>RATHA REST. INC. d/b/a PERISTA RESTAURANT, ARIS PATILIS, GEORGE SIKOLAS and TOM PATILIS, Jointly and Severally,<br><br>                    Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Amanda Sooknanan ("Sooknanan or the "Plaintiff"), individually and on behalf of all others similarly situated, as collective representative, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff is a former server at Defendants' restaurant located in the Kingsbridge Area of the Bronx, New York. While working for Defendants, she was paid a "day rate" which amounted to significantly less than the minimum wage and was not paid overtime premiums for

hours worked over forty (40) in a given workweek. Plaintiff also did not receive spread-of-hours premiums, a proper wage notice, wage statements, or all tips to which she was entitled.

2. Plaintiff brings this action to recover unpaid minimum wage and overtime premium pay owed to her pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiff also brings claims for unpaid spread-of-hours premiums, for unpaid gratuities, for failure to provide wage statements and for failure to provide proper wage notices pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

3. Plaintiff brings her FLSA claims on behalf of herself and all other similarly situated employees who worked for Defendants and the NYLL claims on behalf of herself and any individual who elects to opt in to this action.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

5. Plaintiff Sooknanan was, at all relevant times, an adult individual residing in

Bronx County, New York.

6. Throughout the relevant time period, Plaintiff performed worked for Defendants at Perista Restaurant, located at 101 West Kingsbridge Road, Bronx, NY 10468.

7. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and her written consent form is attached hereto and incorporated by reference.

**Defendants:**

8. Rapatha Rest. Inc. d/b/a Perista Restaurant ("Perista" or the "Corporate Defendant") is an active New York corporation with its principal place of business at 101 West Kingsbridge Road, Bronx New York 10468.

9. Defendant Aris Patilis ("A. Patilis") is, according to the New York State Department of State, Division of Corporations, the Chief Executive Officer and Principal Executive Officer and is an owner and an operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein. Throughout the relevant time period, A. Patilis was in charge of determining the Corporate Defendant's policies with respect to payroll, and otherwise running the business of Corporate Defendant.

10. Defendant Tom Patilis ("T. Patilis") is an owner and an operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein. Throughout the relevant time period, T. Patilis was in charge of determining the Corporate Defendant's policies with respect to payroll, and otherwise running the business of Corporate Defendant.

11. Defendant George Sikolas ("Sikolas" and, together with A. Patilis and T. Patilis, the "Individual Defendants" and, together with Corporate Defendant, the "Defendants") is an

3

owner and an operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein. Throughout the relevant time period, Sikolas was in charge of determining the Corporate Defendant's policies with respect to payroll, and otherwise running the business of Corporate Defendant.

12. Upon information and belief, Aris Patilis, George Sikolas and Tom Patilis are each an owner and operator of the Corporate Defendant who set the Corporate Defendant's payroll policies, including the unlawful practices complained herein.

13. The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally in their direction and control of Plaintiff and the Corporate Defendant's other employees and are each an "employer" pursuant to the NYLL § 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

14. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA, 29 U.S.C. §§ 203(d).

15. Upon information and belief, at all times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. §§ 206, 207 and 216(b), Plaintiff brings her First and Second Causes of Action as a collective action under the FLSA on behalf of herself and the following collective:

> All persons employed by Defendants at any time since April 12, 2015 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees (the "Collective Action Members").

17. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week. As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally required minimum wage or overtime premium payments.

18. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## STATEMENT OF FACTS

**Defendants' Restaurant**

19. At all relevant times, Defendants have been in the food service business.

20. Upon information and belief, Defendants have owned, operated and managed Perista since in or around 1978.

21. During the time period that Plaintiff worked for Perista, Perista was open seven (7) days per week, from 6:00 am to 8:00 pm.

22. Upon information and belief, the Individual Defendants are a constant presence in their restaurant whereby they jointly control the day-to-day operations of the restaurant, including all personnel and management decisions.

23. Specifically, each of the Individual Defendants supervises and directs the work of Plaintiff and Defendants' other non-management employees on a daily basis, hired Plaintiff and other non-management employees, fires non-management employees, paid Plaintiff and other non-management employees, and set Plaintiff's and other non-management employees' schedules.

24. Upon information and belief, Defendants applied the same employment policies, practices and procedures, including the unlawful polices complained of herein, to all non-management employees throughout the relevant time period.

**Plaintiff's Work for Defendants**

25. Plaintiff Sooknanan worked for Defendants as a server from in or around June 2015 through in or around August 2015 and again from in or around September 2015 through in or around September 2016 (the "Sooknanan Employment Period").

26. Although Sooknanah's schedule fluctuated throughout the Sooknanan Employment Period, Sooknanan was typically scheduled to work five (5) days per week, from approximately 7:00 am through approximately 2:00 p.m., for a total of approximately thirty-five (35) hours per week. On occasion, however, Plaintiff Sooknanan worked a "double shift" meaning 7:00 am through approximately 8:00 pm, such that she worked in excess of forty (40) hours in a week.

27. For her work as a server, Sooknanan was paid approximately forty dollars ($40.00) in cash per day for all hours worked plus some tips, however, she did not typically receive the full amount of the tips left for her.

28. Upon information and belief, all servers at Defendants' restaurant were paid a flat day-rate of forty dollars ($40.00) plus some, but not all, of their earned tips.

29. Plaintiff and Defendants' other servers were required to put their tips in a tip jar, from which the owners would distribute to Plaintiff, other servers, cooks, cashiers and delivery people at their discretion, and would often pocket a portion of the tips for themselves.

30. Plaintiff was never informed by Defendants that they were relying upon the tip credit in calculating Plaintiff's hourly rate of pay.

31. Despite the fact that Plaintiff occasionally worked in excess of forty (40) hours every other week, she was not paid overtime premiums of one and one-half (1.5) times her regular rate for hours worked over forty (40) in a given workweek.

32. Upon information and belief, Defendants' other non-management employees including delivery employees and cooks were also paid a day-rate which did not amount to minimum wage for all hours worked or compensate them for overtime premiums for hours worked in excess of forty (40) in a week.

33. Defendants' failure to pay Plaintiff and Collective Action Members minimum wage for all hours worked or overtime premium pay for hours worked in excess of forty (40) per workweek was a corporate policy of Defendants, which applied to all of their non-management employees during the relevant period.

34. Despite the fact that Plaintiff occasionally worked shifts in excess of ten (10) hours in a day, Plaintiff was not provided with an extra hour of pay at the applicable minimum wage for such days. Defendants' failure to pay Plaintiff spread-of-hours premium pay for working shifts in excess of ten (10) hours in a day was a corporate policy of Defendants which applied to all Collective Action Members.

35. Throughout the Sooknanan Employment Period, Plaintiff was not provided with an accurate breakdown of her weekly wages or hours worked for which she was being paid during the pay period, as required by the NYLL.

36. Throughout the relevant time period, Plaintiff was never provided with a wage notice on her date of hire and/or February 1 of each year.

**Defendants' Unlawful Corporate Policies**

37. Plaintiff and the Collective Action Members were paid pursuant to the same

corporate policies of Defendants, including failing to pay minimum wage, overtime premiums, spread-of-hours premiums, unlawfully withholding tips, and failing to provide proper wage statements and wage notices.

38. Plaintiff has spoken with other servers and non-management employees of Defendants, who were similarly paid a flat day rate which did not amount to minimum wage for all hours worked during the Collective Action Period.

39. Defendants did not notify Plaintiff or Collective Action Members that they were relying upon the tip credit in calculating their hourly rate.

40. Because Defendants routinely violated the requirements for taking the tip credit (i.e., did not provide notice and the owners pocketed some of the tips) Defendants were not entitled to pay Plaintiff or Collective Action Members the New York "tipped" minimum wage and instead were obligated to pay Plaintiff and the Collective Action Members the full statutory minimum wage.

41. Plaintiff has spoken with other servers and non-management employees of Defendants, who were similarly required to work in excess of forty (40) hours per week during the Collective Action Period and similarly did not receive any additional wages, let alone overtime premium pay, for hours worked over forty (40) hours per workweek.

42. Defendants did not provide Plaintiff or Collective Action Members with proper wage notices at the time of hire or by February 1 of each year.

43. Defendants did not provide Plaintiff and the Collective Action Members with accurate wage statements with their wage payments detailing, among other information, their correct regular hourly rate, overtime rate, and hours worked for the pay period.

44. Despite the fact that Plaintiff and the Collective Action Members often worked

shifts of over ten (10) hours in a given day, Plaintiff and the Collective Action Members were not paid spread-of-hours premiums consisting of one (1) extra hour of minimum wage for each day when they worked in excess of ten (10) hours.

45. Upon information and belief, throughout the Class period and continuing until today, Defendants failed to maintain accurate and sufficient time payroll records or provide such records to employees.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

46. Plaintiff, on behalf of herself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

47. By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49. Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. By failing to pay Plaintiff and the Collective Action Members for all hours worked and failing to notify Plaintiff and the Collective Action Members that they were relying on the tip credit in calculating employees' hourly rates, Defendants lose the ability to utilize a tip credit against the FLSA's minimum wage. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment

of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
(Brought on Behalf of Plaintiff and the Collective Action Members)

50. Plaintiff, on behalf of herself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

51. By failing to pay overtime at a rate not less than one and a half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

53. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
(Brought on Behalf of Plaintiff and Opt-In Plaintiffs)

5. Plaintiff, on behalf of herself and all Opt-In Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

6. Defendants willfully violated Plaintiff's and Opt-In Plaintiffs' rights by failing to pay the correct statutory minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

7. Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Opt-In Plaintiffs to suffer loss of wages and interest thereon. Plaintiff and the Opt-In Plaintiffs are entitled to recover from Defendants their full minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL.

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and Opt-In Plaintiffs)

8. Plaintiff, on behalf of herself and all Opt-In Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

9. Defendants willfully violated Plaintiff's and Opt-In Plaintiffs' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week, in violation of the NYLL and regulations promulgated thereunder.

10. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Opt-In Plaintiffs to suffer loss of wages and interest thereon. Plaintiff and the Opt-In Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL.

## FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE
### (Brought on Behalf of Plaintiff and the Opt-In Plaintiffs)

11. Plaintiff, on behalf of herself and all Opt-In Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

12. Defendants willfully failed to supply Plaintiff and the Opt-In Plaintiffs notice as required by Article 6, § 195 in English or in the language identified by Plaintiff and the Opt-In Plaintiffs as their primary language, containing Plaintiff's and Opt-In Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

13. Due to Defendants' violations of the NYLL, Plaintiff and the Opt-In Plaintiffs are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by the NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, cost, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SIXTH CAUSE OF ACTION
## NEW YORK LABOR LAW-UNPAID SPREAD-OF-HOURS-PREMIUMS
### (Brought on Behalf of Plaintiff and the Opt-In Plaintiffs)

14. Plaintiff, on behalf of herself and the Opt-In Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

15. Defendants willfully violated Plaintiff's and the Opt-In Plaintiffs' rights by failing to pay compensation in an amount equal to one hours' pay at the applicable minimum wage in all instances where the Class Members worked either a shift or split shift of more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12§ § 137-1.7 (2010), 146-1.6 (2012)

16. Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Opt-In Plaintiffs to suffer loss of wages and interest thereon. Plaintiff and the Opt-In Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and cost and disbursements of the action pursuant to NYLL §§ 663 (1) *et seq.*

## SEVENTH CAUSE OF ACTION
## NEW YORK LABOR LAW-FAILURE TO PROVIDE WAGE STATEMENTS
### (Brought on Behalf of Plaintiff and the Opt-In Plaintiffs)

17. Plaintiff, on behalf of herself and the Opt-In Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs here of with the same force and effect as though fully set forth herein.

18. Defendants have willfully failed to supply Plaintiff and the Opt-In Plaintiffs with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and

phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

19. Due to Defendants' violations of the NYLL, Plaintiff and the Opt-In Plaintiffs are entitled to recover from Defendants two hundred fifty dollars ($250) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## EIGHTH CAUSE OF ACTION
## NEWYORK LABOR LAW - UNLAWFUL WITHHOLDING OF GRATUITIES
**(Brought on Behalf of Plaintiff and the Opt-In Plaintiffs)**

20. Plaintiff, on behalf of herself and the Opt-In Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effects as though fully set forth herein.

21. Defendants have willfully failed to compensate Plaintiff and the Opt-in Plaintiffs for all gratuities earned by withholding a portion of gratuities left by customers for Plaintiff and the Opt-in Plaintiffs, in violation of § 196-d of the NYLL. Accordingly, Defendants are required to compensate Plaintiff and the Opt-In Plaintiffs for all gratuities withheld by Defendants.

22. Due to Defendants' violations of the NYLL, Plaintiff and the Opt-in Plaintiffs are entitled to recover from Defendants their unpaid gratuities, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, costs and disbursements of the action pursuant to NYLL §§ 663(1) *et al.*, 196-d.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of herself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members;

b. An order tolling the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

d. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of compensatory damages as a result of the Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage and overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

g. An award of compensatory damages as a result of the Defendants' failure to pay

    spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

h. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

i. An award of two hundred fifty dollars ($250.00) per Plaintiff and each of the Opt-In Plaintiffs for each workweek that the violations of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per Plaintiff and each of the Opt-In Plaintiffs as provided for by NYLL, Article 6 § 198(1-d);

j. An award of fifty dollars ($50) per Plaintiff and each of the Opt-In Plaintiffs for each workweek that the violations of NYLL, Article 6 § 195(1) pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Opt-In Plaintiffs as provided for by NYLL, Article 6 § 198(1-b);

k. An award of damages for the unlawful withholding of gratuities left by customers of Defendants for Plaintiff and the Opt-In Plaintiffs;

l. An award of prejudgment and post-judgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
April 12, 2018

Respectfully submitted,

**PELTON GRAHAM LLC**

By: *[signature]*
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
Alison L. Mangiatordi (AL 1020)
111 Broadway, Suite 901
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative FLSA Collective*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Perista Restaurant/Perista Coffee, and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me minimum wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____
Signature

Amanda Sooknanan
_____
Printed Name