## SETTLEMENT AGREEMENT AND WAGE AND HOUR RELEASE

This Settlement Agreement and Wage and Hour Release ("Agreement") is entered into by and between Amanda Sooknanan ("Sooknanan") and Juan Bruno ("Bruno" and, together with Sooknanan, the "Plaintiffs"), on the one hand, and Rapatha Rest. Inc. (sued herein as Ratha Rest. Inc.) d/b/a Perista Restaurant, Aris Patilis, George Sikolas and Tom Patilis (collectively, the "Defendants") on the other hand. Plaintiffs and Defendants are referred to herein individually as a "Party" and collectively as the "Parties."

## WITNESSETH:

**WHEREAS**, plaintiffs filed an action in the United States District Court, Southern District of New York, Case No. 18-cv-3218 (KPF) (the "Lawsuit"), alleging wage and hour violations by Defendants pursuant to federal and state law (the "Claims");

**WHEREAS**, the Defendants dispute the issues of liability and damages in connection with the Lawsuit and Claims;

**WHEREAS**, the Parties elected to resolve this Action by the terms of this Agreement rather than bear the time and expense of further litigation, including possible trial;

**NOW, THEREFORE**, for and in consideration of the mutual covenants herein contained and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Settlement**.

(a) In consideration for Plaintiffs' release of claims as provided in paragraph 2, the Defendants agree to pay Plaintiffs the total settlement amount of Sixty Thousand Dollars and Zero Cents ($60,000.00) (the "Settlement Amount"), consisting of $39,480.89 to be paid to Plaintiffs and $20,519.11 (consisting of $778.66 in expense reimbursement and $19,740.45 in reasonable attorneys' fees) to be paid to counsel for Plaintiffs, Pelton Graham LLC, 111 Broadway, Suite 1503, New York, New York 10006. All payments shall be mailed to Plaintiffs' Counsel. The payments shall be divided as follows:

(i) <u>Initial Payment</u>: Within ten (10) days of approval by the Court of this Agreement, and the Court's dismissal of the Lawsuit with prejudice, Defendants shall make their first Settlement Payment (the "Initial Settlement Payment") (sum of $15,000), consisting of the following payments:

1. $3,756.82 payable to Amanda Sooknanan;
2. $6,113.40 payable to Juan Bruno;
3. $5,129.78 payable to Pelton Graham LLC.

(ii) <u>Payments 2-27</u>: Thirty (30) days after the Initial Payment, Defendants shall make the first of twenty-seven (27) equal installment payments (sum of One

    Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents [$1,666.67] each), with each of the subsequent installment payments to be made no later than thirty (30) days after the date of the previous installment payment. Each installment payment shall consist of the following payments:

      1. $417.42 payable to Amanda Sooknanan;
      2. $679.27 payable to Juan Bruno;
      3. $569.98 payable to Pelton Graham LLC.

(b) All checks will be delivered to Plaintiffs' Counsel at their office, Pelton Graham LLC, Attn: Brent E. Pelton, Esq., 111 Broadway, Suite 1503, New York, New York 10006, within the above-referenced payment schedule.

(c) Each payment to shall be divided into three (3) checks as follows: Payments 1-9 shall be deemed to constitute payment for alleged lost wages and, therefore, shall be subject to statutory payroll deductions/withholdings, which Defendants shall make. An IRS form W-2 shall be issued to Plaintiffs for these amounts. Payments 10-27 shall be deemed to constitute payment for alleged liquidated damages and, therefore, shall not be subject to statutory payroll deductions/withholdings. An IRS form 1099 shall be issued to Plaintiffs for these amounts. An IRS form 1099 shall be issued to Pelton Graham LLC for the amount allocated for attorneys' fees and costs ($20,519.11). The foregoing checks shall be delivered to Plaintiffs' counsel as set forth in paragraph 1(a).

(d) In order to receive the settlement payments described in paragraph 1(a), Plaintiffs must complete and return IRS Forms W-4 and W-9, and their attorneys, Pelton Graham LLC, must complete and return an IRS Form W-9, to counsel for Defendants, including a social security, ITIN number, or employer tax identification number, as appropriate. In the event that a Plaintiff does not maintain a Tax ID and therefore cannot provide a completed IRS Form W-4 and W-9, Defendants will issue the entire settlement amount allocated to that individual via an IRS Form 1099 and the individual will be responsible for paying applicable taxes and shall indemnify, defend and hold harmless Defendants from and against any and all liabilities, damages, losses, obligations, penalties, litigation, proceedings, demands, defenses, disputes, claims, judgments, and expenses, of whatever kind and nature, imposed upon, incurred by, or asserted or awarded against Defendants, arising out of or relating to the payment of compensation to such Plaintiff on a 1099 rather than on a W-2 basis. An IRS form 1099 shall be issued to Pelton Graham LLC for the amount allocated to attorneys' fees and costs.

(e) In the event Defendants fail to pay the Settlement Amount when due as set forth in paragraph (1)(a) above, Plaintiffs' counsel shall send a notice of default to Defendants' attorney, Demetrios Adamis, Esq., via U.S. Mail to 61-43 186th Street, Fresh Meadows, New York 11365 and e-mail to demetrios@dapcny.com. Defendants shall have ten (10) business days from the date of said notice to cure any such default (the "Cure Period"). In the event that payment is not made within the Cure Period, Plaintiffs shall be entitled to file the Confession of Judgment in the form attached hereto as Exhibit A, and to enter judgment in the amount of 150% of the outstanding Settlement Amount plus all

costs of collecting the outstanding Settlement Amount and reasonable attorneys' fees expended to collect the outstanding Settlement Amount. Plaintiffs' counsel shall hold the Confession of Judgment in escrow pending payment in full of the Settlement Amount.

(f) <u>Tax Liability</u>. In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required deductions or withholding from the sums to be paid hereunder to Plaintiffs as part of this Agreement, Plaintiffs shall pay their own share as an employee of that assessment. Plaintiffs acknowledge that even if they do not receive a Form 1099 in connection with the sum(s) to be paid hereunder, Plaintiffs are responsible for paying all of such an assessment. Plaintiffs also agree to pay or indemnify and hold Defendants harmless for any and all related withholding taxes, interest or penalties incurred by Defendants and that Defendants may be required to pay to any taxing authorities relating to any payments made to Plaintiffs pursuant to this Agreement.

2. **Wage and Hour Release.**

(a) In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiffs knowingly and voluntarily release and forever discharge Defendants and Defendants' divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns and their officers, directors, members, partners, trustees, current and former employees agents, stockholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (the "Releasees") from any and all claims, causes of action, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes of action known or unknown, suspected or unsuspected, arising out of the allegations set forth the Action. This Release covers any rights or claims, known or unknown, relating in any way to Plaintiffs' compensation derived from Plaintiffs' employment relationship with the Releasees, or arising under any related statute or regulation including, but not limited to, the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the New York State Labor Law §§ 1 *et seq.* and all applicable regulations including but not limited to 12 NYCRR 146 *et seq;* the Wage Theft Prevention Act, the New York Equal Pay Law; and all other New York State and Federal Wage and Hour Laws based upon any conduct occurring from the beginning of the world to the date this Agreement is executed.

(b) The release and discharge contained in this paragraph 2 shall also apply to the Defendants' insurers, the Defendants' past and present contractors, officers, directors, attorneys, agents, servants, representatives, employees, partners, owners, shareholders, members, predecessors and successors in interest and assigns and affiliates.

3. **Representations and Warranties.**

The Parties each represent, warrant to and agree with the other as follows:

(a) The terms of this Agreement are contractual and are the result of negotiations between the Parties and each party has given consideration in return for having received consideration due to concessions and good faith bargaining by both Plaintiffs and Defendants as to the terms of the settlement;

(b) This Agreement has been carefully read by each of the Parties after consultation with their respective attorneys or advisors to the extent they deem appropriate and the contents hereof are known to and understood by each of the Parties. It is signed freely on an informed basis and with due authority by each Party executing this Agreement and is binding and enforceable in accordance with its terms;

(c) *Covenant Not to Sue:* Plaintiffs hereby covenant and agree not to sue, commence, prosecute and continue any other proceeding or complaint or accept any relief individually or as a member of a class, against Defendants or Releasees based on any claims that are referred in paragraph two (2) of this Agreement. Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding in which Defendants or any other Releasee identified in this Agreement is a party based on any claims that are referred in paragraph two (2) of this Agreement. Plaintiffs waive any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiffs or anyone else on Plaintiffs' behalf based on any claims referred to in paragraph two (2) of this Agreement.

(d) *Sufficiency of Consideration:* Plaintiffs expressly understand and agree that the obligations under this Agreement and tender of the payment described herein are in lieu of any and all other amounts to which Plaintiffs might be, is now, or may become entitled to receive from Defendants upon any claim asserted in the Action and referenced in paragraph two (2) of this Agreement. Plaintiffs expressly waive any right or claim that they may have, or may assert, regarding claims against Defendants for payment of back pay, interest, bonuses, accrued vacation, accrued sick leave, medical, dental, optical or hospitalization benefits, accidental death and dismemberment coverage, long-term disability coverage, stock options, pensions, life insurance benefits, overtime, severance pay, liquidated damages and/or attorneys' fees or costs with respect to or derivative from Plaintiffs' employment with Defendants. Plaintiffs further understand and agrees that the payment described herein is over and above any obligations and payment(s) from Defendants to which Plaintiffs may have been entitled. Plaintiffs hereby specifically acknowledge that this Agreement, and the monies received by Plaintiffs referenced in paragraph 1 of this Agreement constitute a fair and reasonable resolution of a *bona fide* dispute over a provision of the Fair Labor Standards Act.

(e) Nothing in this Agreement shall be construed to restrict any communication or participation Plaintiffs may have with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the

enforcement of any law. Plaintiffs understand that although they are not prohibited from filing a charge or complaint against Defendants with any agency of the United States government, any subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law by virtue of this Agreement, Plaintiffs waive any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiffs or anyone else on Plaintiffs' behalf based on any claims referred to in paragraph two (2) of this Agreement.

4. **Voluntary Dismissal with Prejudice.**

(a) Plaintiffs hereby authorize and direct their attorneys, upon their execution of this Agreement, to execute and file with the United States District Court for the Southern District of New York, a Stipulation of Discontinuance with Prejudice in this Action in the form annexed hereto as Exhibit B. Such Stipulation shall be filed by counsel for Plaintiffs immediately after court approval of this settlement.

(b) Plaintiffs hereby authorize and direct their attorneys to dismiss the Action with prejudice.

5. **Non-Admission.**

(a) This Agreement shall not in any way be construed as an admission by Defendants that they acted wrongfully with respect to Plaintiffs or any other individual, or that Plaintiffs has any rights whatsoever against Defendants. Defendants specifically disclaim any liability for any purported wrongful acts against Plaintiffs on the part of themselves, their officers, employees, and/or agents. Further, this Agreement shall not in any way be construed as an admission by Defendants as to any allegations set forth in the Complaint in the Action.

(b) All parties acknowledge this Action as being settled to avoid further litigation and its concomitant expense.

6. **Applicable Law.**

This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York.

7. **Mutual Non-Disparagement**

The Parties agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of any of the Parties in the eyes of an ordinary and reasonable person in the community. Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning the Action or the Settlement.

8. **Applicable Law and Continuing Jurisdiction**

This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York. The Parties hereby expressly agree and understand that the Court shall retain jurisdiction over the interpretation or implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation of this Agreement and the settlement contemplated thereby.

9. **Severability.**

The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

10. **No Other Representations or Agreements.**

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

11. **No Modification Except in Writing.**

This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

12. **Execution in Counterpart.**

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

13. **BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

_/s/ A. Sook_  
Amanda Sooknanan

Dated: January 29, 2019

_____  
Juan Bruno

Dated: January ____, 2019

_____  
RAPATHA REST. INC.  
By: _____  
Dated: _____

_____  
Aris Patilis, Individually

Dated: January ____, 2019

_____  
George Sikolas, Individually

Dated: January ____, 2019

_____  
Tom Patilis, Individually

Dated: January ____, 2019

_____  Dated: January ____, 2019
Amanda Sooknanan

_[signature]_____  Dated: January 31, 2019
Juan Bruno

_____
RAPATHA REST. INC.
By: _____
Dated: _____

_____  Dated: January ____, 2019
Aris Patilis, Individually

_____  Dated: January ____, 2019
George Sikolas, Individually

_____  Dated: January ____, 2019
Tom Patilis, Individually

Dated: February 5, 2019        SO ORDERED.
       New York, NY

                               _[signature: Katherine Polk Failla]_

                               HON. KATHERINE POLK FAILLA
                               UNITED STATES DISTRICT JUDGE